```
                   UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
```

| | |
|---|---|
| CHRISTINE McCARTHY, | No. CV 10-07773-VBK |
| Plaintiff, | ORDER AWARDING ATTORNEY FEES |
| v. | PURSUANT TO 42 U.S.C. §406(b) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel has filed a Motion for Attorney Fees pursuant to 42 U.S.C. §406(b) ("Motion"). Defendant has filed a Response ("Response").

**I**

**INTRODUCTION**

United States Magistrate Judge Victor B. Kenton ordered that Plaintiff's application for Social Security benefits be remanded to the Defendant Commissioner for further proceedings. On remand, the Commissioner granted Plaintiff's application for benefits. Retroactive benefits total $39,993.00 (Declaration of Laura Krank, ¶

3, and Exhibit 2). Plaintiff's counsel seeks attorney fees pursuant to 42 U.S.C. §406(b) in the amount of $9,998.25 for her representation of Plaintiff in this matter.

The Commissioner has filed a Statement of Non-Opposition. The Court has carefully analyzed applicable factors as established in Gisbrecht v. Barnhart, 535 U.S. 789, 798, n.6, 122 S. Ct. 1817 (2002), and Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009)(en banc).

## II

### DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this motion pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In Gisbrecht, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits

> claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits... Within the 25 percent boundary,...the attorney for the successful claimant must show that the fee sought is **reasonable for the services rendered**.

122 S.Ct. at 1828 (emphasis added).

Plaintiff's counsel has provided to the Court a contingent fee agreement ("fee agreement") (see Ex. 1). Under the fee agreement, it is provided, in pertinent part, that Plaintiff's attorney shall receive as her fee an amount equal to twenty-five percent (25%) of the past-due benefits ("back pay") that are awarded. In determining whether the award of $9,998.25 sought by Plaintiff's counsel is "reasonable for the services rendered" in this case, the Court has considered a number of factors, several of which fall in favor of Plaintiff's counsel.

First, under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $9,998.25 award sought represents the agreed upon amount. The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

3

1    Second, the $9,998.25 award sought by Plaintiff's counsel is not
2 in excess of the 25% statutory limit.  Indeed, as stated, the fee
3 sought amounts to 25% of Plaintiff's recovery and comports with the
4 terms of the contingent fee agreement between Plaintiff and her
5 counsel.
6    Third, the procedural history of this case indicates that there
7 is no excessive delay attributable to counsel which would unduly
8 increase the back benefits accumulated during the pendency of the case
9 in court.  Thus, the Court has considered, pursuant to the holding of
10 <u>Gisbrecht</u>, both the character of the representation and the results
11 achieved by Plaintiff's counsel, and finds these factors to weigh
12 strongly in favor of Plaintiff's counsel.
13    Fourth, the Court has considered the number of hours expended by
14 counsel in this case.  Counsel indicates she expended 21.2 hours of
15 attorney and paralegal time.  These hours are consistent with general
16 practice in cases such as this.  Although Plaintiff's counsel has not
17 provided a usual hourly rate for her services, this does not hinder
18 the Court's analysis of the reasonableness of the claimed fees in this
19 case.  Considering that counsel's firm reasonably expended 21.2 hours
20 in her court representation of Plaintiff, this would result in an
21 effective hourly rate of $471.62 per hour.  This amount is not
22 inconsistent with an effective hourly rate awarded to attorneys in
23 Social Security cases in this District, and is therefore found to be
24 reasonable, in particular, considering also the expertise provided by
25 Plaintiff's counsel in these matters.
26 //
27 //
28 //

**III**

**CONCLUSION**

Based upon the foregoing considerations, the Court finds and concludes that the $9,998.25 in attorney fees sought by Plaintiff's counsel is reasonable. The petition for $9,998.25 in attorney fees pursuant to 42 U.S.C. §406(b) is **GRANTED**. This amount is to be reduced by the $3,500.00 in EAJA fees previously awarded, resulting in a net fee award of $6,498.25.

Plaintiff's counsel shall refund the $3,800.00 in EAJA fees previously awarded upon her receipt of gross fees of $9,998.25.

**IT IS SO ORDERED.**

DATED: June 25, 2013              /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE